IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS FERNANDEZ,

    Plaintiff,

v.                                          Case No. 1:23-cv-00045-MLG-KK

GREYHOUND LINES, INC., DAVID
OWEN STREIFF, JR., JARRELL
PERRY, and KIRK LEMMON,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Jesus Fernandez's Amended Prisoner's Complaint for Violation of Civil Rights. Doc. 11 ("Complaint"). Fernandez is a federal prisoner. He appears pro se and in forma pauperis. He claims, inter alia, that Defendants violated his rights guaranteed by the Fourth Amendment to the United States Constitution because DEA agents searched him and his luggage and, having found narcotics, arrested him aboard a Greyhound Bus. Fernandez's Motion for a Consent Decree, Doc. 15, is also before the Court. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Fernandez will be granted an opportunity to amend. The Motion for a Consent Decree shall be denied.

### BACKGROUND

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the factual allegations in the Complaint are true.

1

Defendants Jarrell Perry ("Agent Perry") and Kirk Lemmon ("Agent Lemmon") are special agents of the Drug Enforcement Administration ("DEA"). Doc. 11 at 1. Defendant David Owen Streiff, Jr., is the security manager for North America Greyhound Lines ("Greyhound"). *Id.* at 3. As the Complaint references the criminal proceedings against Fernandez, which are relevant to the Court's analysis, the Court takes judicial notice of its docket in related criminal case, *USA v. Fernandez*, 17-cr-3237-WJ.[1]

Fernandez alleges that the Greyhound bus on which he was travelling from Phoenix to Amarillo stopped in Albuquerque on October 25, 2017. Agents Perry and Lemmon were at the Albuquerque Greyhound terminal to check the bus Fernandez was on for drug activity. *Id.* at 4-5, 8-9. Agent Perry approached Fernandez and, allegedly without his consent, patted him down and asked him questions about his suitcases and his bag. *Id.* at 8. Fernandez appears to allege that Agent Perry and/or Agent Lemmon opened his bag and suitcases without his consent and without a warrant. *Id.* at 9. The agents arrested him (apparently based on what they found in his luggage) for possession of methamphetamine, and he spent three years in federal custody before he was found guilty of possession with intent to distribute 500 grams and more of methamphetamine. *See* 17-cr-3237-WJ (Doc. 250).

Fernandez claims that Agents Perry and/or Lemmon violated his Fourth Amendment right to be free from unreasonable search and seizure and that Agent Perry is liable for perjury. Doc. 11 at 4. He also claims that Greyhound is liable for violating his Fourth and Fifth Amendment rights for allowing the DEA agents to conduct a drug sweep on its bus, and for engaging in unfair and

---

[1] The Court takes judicial notice of the docket in this case and in related state and federal cases. *See St. Louis Baptist Temple, Inc., v. Fed. Deposit Ins. Corp.*, 605 F. 2d 1169, 1172 (10th Cir. 1979) (The Court may take notice of "proceedings in other courts, both within and without the federal judicial system, if [they] have a direct relation to matters at issue").

deceptive trade practices. *Id.* at 5, 8. Fernandez's prayer for relief includes a consent decree and $2.2 million in damages. *Id.* at 5; Doc. 15.

## DISCUSSION

### I. Standard of Review

The Complaint is subject to mandatory screening pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Fernandez is pro se, the Court construes his pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

### II. Fernandez's Constitutional Claims

Claims against federal agents for the alleged deprivation of constitutional rights arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a cause of action arising under the Constitution itself,

allowing a damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Id.* at 397. A so-called "implied cause of action" for violations of the Constitution was later recognized under the Fifth Amendment in a gender discrimination case against a United States congressman and under the Eighth Amendment against federal jailers for failure to provide adequate medical treatment. *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). In the decades that followed, however, the Supreme Court declined to extend *Bivens* to any new context or new category of defendants and has stated that doing so is a "disfavored judicial activity." *Id.* at 135.

### III.   Fernandez's *Bivens* Claims Against Agents Perry and Lemmon

It appears from the substance of the Complaint that the evidence that led to Fernandez's arrest and conviction was discovered only because of the allegedly unconstitutional search of his luggage. It therefore appears that his claim is barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which precludes a plaintiff from pursuing civil rights claims that would imply the invalidity of his criminal conviction *unless* the plaintiff can demonstrate that the conviction has already been invalidated. *See Coleman v. U.S. Dist. Ct. of N.M.*, 678 F. App'x 751, 754 (10th Cir. 2017) (*Heck* applies to *Bivens* claims). If *Heck* applies, Fernandez's *Bivens* claims must be dismissed without prejudice pending the outcome of his habeas case. *See Fernandez v. USA*, 23-cv-171-WJ (the "Habeas Case"). If Fernandez prevails in his Habeas Case, his *Bivens* claim will accrue on the date his conviction and sentence is invalidated, and he may refile his Fourth Amendment claims against Agents Perry and Lemmon then. *Garza v. Burnett*, 672 F.3d 1217, 1218 (10th Cir. 2012) (a civil rights claim barred by *Heck* "does not accrue until the conviction or sentence has been invalidated" (citation omitted)).

Alternatively, is possible that Fernandez could allege facts showing that his Fourth Amendment claims are not barred by *Heck*. The Complaint, as drafted, leads the Court to infer that Fernandez's conviction hinged upon evidence discovered pursuant to the allegedly unlawful search of his luggage, but given the opportunity to amend, he could expand his factual allegations to clarify the matter. Such clarification could be significant because *Heck* applies only in the "rare situation in which all of the evidence obtained [] was the result of an illegal search." *Id.* at 1220 (internal quotation marks omitted)). "[C]laims of illegal search and seizure are not automatically barred by *Heck* if ultimate success on them would not necessarily question the validity of a conviction." *Id.* (internal quotation marks omitted)); *see Heck*, 512 U.S. at 487 n.7 ("Because of doctrines like independent source and inevitable discovery, . . . a [civil rights] action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.").

If Fernandez chooses to file an amended complaint in this case showing that his claims against Agents Perry and Lemmon are not barred by *Heck*, he will be required to show cause why the claims should not be dismissed based on the applicable three-year statute of limitations.[2] *See Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) ("[T]he statute of limitations on a *Bivens* claim begins to run when the plaintiff knows . . . of the existence and cause of the injury which is the basis of his action." (internal quotations marks omitted)); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations [applicable to civil rights actions] is drawn from the personal-injury statute of the state in which the federal district sits."); NMSA 1978, § 37-1-8 (New Mexico statute of limitations is three years).

---

[2] Fernandez commenced this lawsuit on January 17, 2023, more than five years after the alleged Fourth Amendment violations.

5

As to Fernandez's perjury claim against Agent Perry, the claim fails as a matter of law. Law enforcement "officers are absolutely immune from a suit for damages for their testimony at a criminal trial, even if the testimony is perjurious." *Mee v. Ortega*, 967 F.2d 423, 425 (10th Cir. 1992) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)). The perjury claim will therefore be dismissed with prejudice.

## IV.     Fernandez's *Bivens* Claims Against Greyhound and Streiff

To the extent Fernandez seeks to state a *Bivens* claim against Greyhound and its employee, Streiff, the claims are not viable and must be dismissed. Greyhound is a private company. In *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 71-72 (2001), the United States Supreme Court expressly foreclosed the amenability of a private entity to *Bivens* liability. *See id.* ("*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts"; "if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury"; therefore "inferring a constitutional tort remedy against a private entity . . . is . . . foreclosed."). As Streiff is an employee of Greyhound, the *Malesko* holding applies to him as well. *See Peoples v. CCA Det. Ctrs*. 422 F.3d 1090, 1101 (10th Cir. 2005) ("[T]here is no implied private right of action for damages under *Bivens* against employees of a private [entity] for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff."). Moreover, even if a *Bivens* suit against a private actor could be brought in the Tenth Circuit under these circumstances—which does not appear likely—Fernandez has not alleged facts showing the actions by Greyhound or Streiff are fairly attributable to the government, *see Janny v. Gamez,* 8 F.4th 883, 918 (10th Cir. 2021) (analyzing whether a private actor engaged in state action under § 1983), and the presiding judge in the criminal case rejected Fernandez's argument

that Greyhound was an "agent" of the DEA in the context of this case. *See* 17-cr-03237-WJ-1 (Doc. 73 at 13) ("Based on the totality of the circumstances, . . . the Court concludes that Defendant has failed to establish that Greyhound . . . acted as [an] agent of the DEA.")

To the extent Fernandez wishes to pursue tort claims or unfair trade practices claims against Greyhound and Streiff, such claims arise under state law and the Court defers ruling on whether to exercise supplemental jurisdiction over them until Plaintiff states a viable federal claim. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). These claims shall therefore be dismissed without prejudice.

### V. Fernandez's Motion for a Consent Decree Shall be Denied

As there are no viable claims and defendants have not entered appearances in this case, Fernandez's unilateral request for a consent decree must be denied. *See Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986) (recognizing that a consent decree may be used to dispose of valid claims and that a "court may not enter a consent decree that imposes obligations on a party that did not consent to the decree").

### VI. Fernandez May File an Amended Complaint

Generally, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Fernandez shall be granted a thirty-day deadline within which to file an amended complaint. If he declines to timely amend, the Court may dismiss the case without prejudice consistent with the foregoing analysis.

## CONCLUSION

It is ordered that all claims set forth in the Complaint (Doc. 11) are dismissed as set forth above. Fernandez is granted leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of this case without further notice. Fernandez's Motion for a Consent Decree (Doc. 15) is denied.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA