IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS FERNANDEZ,

    Plaintiff,

v.                                          Case No. 1:23-cv-00045-MLG-KK

GREYHOUND LINES, INC.; DAVID
OWEN STREIFF, JR.; JARRELL PERRY;
KIRK LEMMON; and the UNITED STATES,

    Defendants.

## ORDER DISMISSING AMENDED COMPLAINT

This matter is before the Court on Plaintiff Jesus Fernandez's Second Amended Complaint ("Complaint"), filed January 2, 2024. Doc. 20. Fernandez is a federal prisoner. He appears pro se and in forma pauperis. In a Memorandum Opinion and Order entered November 28, 2023, the Court dismissed Fernandez's Amended Complaint (Doc. 11) without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. Doc. 19 ("Screening MOO"). In the Screening MOO, the Court analyzed Fernandez's claims that Defendants Perry and Lemmon violated his Fourth Amendment right to be free from unreasonable search and seizure, as well as his claims that Greyhound violated his Fourth and Fifth Amendment rights for allowing DEA agents to conduct a drug sweep aboard a Greyhound bus. *See generally id*. The Court set forth the relevant Tenth Circuit and Supreme Court case law governing the federal claims and gave Fernandez an opportunity to amend. *Id.*

As amended, the Complaint fails to state a viable federal claim. For the reasons stated in the Screening MOO and for the reasons set forth below, the Court will dismiss Fernandez's federal

1

claims and close this civil case. If Plaintiff wishes to pursue his state law claims, he may file a lawsuit in state court.

I.  **Facts**

For the limited purpose of this Order, the Court assumes that the following factual allegations taken from the Complaint are true. Defendants Jarrell Perry ("Agent Perry") and Kirk Lemmon ("Agent Lemmon") are special agents of the Drug Enforcement Administration ("DEA"). Doc. 20 at 1. Defendant David Owen Streiff, Jr., is the security manager for North America Greyhound Lines ("Greyhound"). *Id.* at 2.

Fernandez alleges that he is currently serving a prison sentence stemming from an unlawful search and seizure by Agents Perry and/or Lemmon aboard a Greyhound bus in Albuquerque, New Mexico. *Id.* at 1, 3. He alleges that the agents' unlawful actions arose from an agreement among all the named Defendants to violate the civil rights of Greyhound's passengers—including Fernandez's, specifically—by conducting searches without reasonable suspicion of criminal activity. *Id.* at 2-3. He claims that these actions violated his rights protected by state and federal consumer protection statutes, the Civil Rights Act of 1964, and the Federal Tort Claims Act. *Id*. He seeks monetary damages. *Id.* at 3-4.

As the Complaint references the criminal proceedings against Fernandez and Fernandez's pending habeas action, which are relevant to the Court's analysis, the Court takes judicial notice of its dockets in *USA v. Fernandez*, 17-cr-3237-WJ (the "Criminal Case") and *Fernandez v. USA*, 23-cv-171-WJ (the "Habeas Action"). *See St. Louis Baptist Temple, Inc., v. Fed. Deposit Ins. Corp.*, 605 F. 2d 1169, 1172 (10th Cir. 1979) (The Court may take notice of "proceedings in other courts, both within and without the federal judicial system, if [they] have a direct relation to matters at issue."). In the Criminal Case, Fernandez was found guilty of possession with intent to distribute

500 grams and more of methamphetamine. *See* 17-cr-3237-WJ (Doc. 250). In the pending Habeas Action, Fernandez is challenging his conviction in the Criminal Case. *See* 23-cv-171-WJ.

## II. Discussion

### A. Standard of Review

The Complaint is subject to mandatory screening pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss a prisoner civil action sua sponte "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is pro se, the Court construes Fernandez's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

### B. Plaintiff's Constitutional Claims

As set forth in the Screening MOO, claims against federal agents for the alleged deprivation of constitutional rights arise under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not under 42 U.S.C. § 1983 of the Civil Rights Act, which provides a vehicle for civil

rights lawsuits against state officials. In *Bivens*, the Supreme Court recognized a cause of action arising under the Constitution itself, allowing a damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Id.* at 397. A so-called "implied cause of action" for violations of the Constitution was later recognized under the Fifth Amendment in a gender discrimination case against a United States Congressman and under the Eighth Amendment against federal jailers for failure to provide adequate medical treatment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). In the decades that followed, however, the Supreme Court declined to extend *Bivens* to any new context or new category of defendants and has stated that doing so is a "disfavored judicial activity." *Id.* at 1857.

### C. Fernandez's *Bivens* Claims Against Agents Perry and Lemmon

Fernandez, having been given an opportunity to clarify his allegations within the context of the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (Doc. 19 at 4-5), alleges that his conviction stemmed solely from an unconstitutional search and seizure. Doc. 20 at 1. His *Bivens* claim is therefore barred by the *Heck* doctrine, which precludes a plaintiff from pursuing civil rights claims that would imply the invalidity of his criminal conviction *unless* the plaintiff can demonstrate that the conviction has already been invalidated. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (*Heck* applies to cases where all the evidence obtained was the result of an illegal search.); *see also Coleman v. United States District Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (*Heck* applies to *Bivens* claims). If Fernandez prevails in his Habeas Action, his *Bivens* claim will accrue on the date his conviction and sentence is invalidated, and he may then refile his *Bivens* claims against Agents Perry and Lemmon. *Garza v. Burnett*, 672 F.3d 1217, 1218 (10th Cir. 2012) (A civil rights claim barred by *Heck* "does not accrue until the

conviction or sentence has been invalidated." (internal quotation marks and citation omitted)). Accordingly, these claims are dismissed and may be raised in a future complaint <u>if Plaintiff prevails in his Habeas Action</u>.

### D. Fernandez's Constitutional Claims Against Greyhound and Streiff

As explained in the Screening MOO, to the extent Fernandez seeks to state a *Bivens* claim against Greyhound and its employee, Streiff, the claims are not viable. Greyhound is a private company. In *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 71-72 (2001), the United States Supreme Court expressly foreclosed the amenability of a private entity to *Bivens* liability. *See id.* ("*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts"; "if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury"; therefore "inferring a constitutional tort remedy against a private entity . . . is . . . foreclosed."). As Streiff is an employee of Greyhound, the *Malesko* holding applies to him as well. *See Peoples v. CCA Det. Ctrs*. 422 F.3d 1090, 1101 (10th Cir. 2005) ("[T]here is no implied private right of action for damages under *Bivens* against employees of a private [entity] for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff."). Moreover, even if a *Bivens* suit against a private actor could be brought in the Tenth Circuit under these circumstances—which does not appear likely—Plaintiff has not alleged facts showing the actions by Greyhound or Streiff are fairly attributable to the government, *see Janny v. Gamez,* 8 F.4th 883, 918 (10th Cir. 2021) (analyzing whether a private actor engaged in state action under § 1983), and the presiding judge in the criminal case rejected Plaintiff's argument that Greyhound was an "agent" of the DEA in the context of this case. *See* 17-cr-03237-WJ-1

(Doc. 73 at 13) ("Based on the totality of the circumstances, . . . the Court concludes that Defendant has failed to establish that Greyhound . . . acted as [an] agent. of the DEA.").

Nor does the Complaint state a viable civil rights clam against Greyhound or its employees under 42 U.S.C. § 1983. An essential element of a § 1983 claim is that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Complaint does include facts supporting the notion that Greyhound or its employee were acting under color of state law. Fernandez's civil rights claims against Greyhound and its employees are dismissed with prejudice.

### E. Fernandez's Federal Tort Claims

Fernandez seeks to state claims under the Federal Tort Claims Act for malicious prosecution and abuse of process. "The Federal Tort Claims Act . . . makes the United States liable on tort claims under circumstances in which a private individual would be liable under state law. The court must apply the law of the place where the alleged [tortious conduct] occurred." *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990). Under New Mexico law, the torts of malicious prosecution and abuse of process comprise a single tort—malicious abuse of process. *See DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 283 (N.M. 1998), *overruled on other grounds by Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009), & *abrogated on other grounds by Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31, 39-40 (N.M. 2007). The elements of the combined tort are "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *Durham*, 204 P.3d at 26. The cursory and conclusory allegations in the Complaint do not satisfy the first two elements.

Furthermore, to establish an improper use of process in a judicial proceeding, a plaintiff must show that the defendant filed a complaint without probable cause or, alternatively, that the proceeding evidenced an "irregularity or impropriety suggesting extortion, delay, or harassment[.]" *Mocek v. City of Albuquerque*, 813 F.3d 912, 936 (10th Cir. 2015). "Probable cause in the malicious abuse of process context is defined as a reasonable belief, founded on known facts established after a reasonable pre-filing investigation that a claim can be established to the satisfaction of a court or jury. *The lack of probable cause must be manifest*." *Mocek*, 813 F.3d at 936 (emphasis in the original). It was established in the Criminal Case that Fernandez possessed and intended to distribute at least 500 grams of methamphetamine. Therefore, to the extent the Complaint might imply (albeit without specifically alleging) that Agents Perry and/or Lemmon lacked probable cause to file a criminal complaint against him, the theory is foreclosed by the facts established in the trial of the Criminal Case. For these reasons, Fernandez's federal tort claims are dismissed with prejudice for failure to state a claim.

### F. Consumer Protection Claims

At the federal level, the field of consumer protection is governed by the Federal Trade Commission Act, which, in relevant part, grants jurisdiction to the Federal Trade Commission over unfair or deceptive acts or practices in commerce. *See F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374, 384 (1964). There "is no private right of action under the Federal Trade Commission Act. *Drake v. Sometime Spouse*, LLC, 784 F. App'x 602, 604 (10th Cir. 2019). Therefore, Fernandez's attempt to state a federal claim for violation of consumer protection laws fails, and any such claim is dismissed with prejudice.

Having dismissed Fernandez's federal claims, this Court declines to exercise supplemental jurisdiction over Fernandez's state law claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248

(10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). The state law claims raised in the Complaint shall therefore be dismissed without prejudice. If Fernandez intends to pursue claims for violations of consumer protection laws at the state level, he may seek redress in the state courts.

### III. Conclusion

Because the Complaint fails to cure the pleading defects identified in the Screening MOO, and because Fernandez was previously given an opportunity to amend, the federal claims are dismissed with prejudice. As limited exception to the with-prejudice dismissal, Fernandez's *Bivens* claims against Agents Perry and Lemmon, may be refiled if Plaintiff prevails in his Habeas Action. The state law claims are dismissed without prejudice as set forth above.

It is ordered that each of the claims set forth in the Complaint (Doc. 20) are dismissed as set forth herein for failure to state a claim under 28 U.S.C. § 1915A and 12(b)(6). A final judgment shall be entered under separate filing pursuant to Federal Rule of Civil Procedure 58.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA